UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL JENNINGS WARNE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants. | Case No.16-cv-06773-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION TO CONTINUE**<br><br>Re: Dkt. Nos. 126, 127, 128, 129, 132 |

Plaintiff Joel Jennings Warne, proceeding pro se, alleges violations of his civil rights as well as claims under state law relating to medical treatment he received at San Francisco General Hospital in 2015. Plaintiff's motions for reconsideration of the Court's Order granting in part and denying in part Defendant Dr. Andrea Tenner's motion to dismiss his Second Amended Complaint ("SAC") is now pending before the Court. (Dtk. Nos. 126, 127 & 128.) Plaintiff also filed a motion to continue the upcoming Case Management Conference and the deadline for filing his Third Amended Complaint, as well as objections to Defendants' separately filed Case Management Conference Statement. (Dkt. Nos. 129 & 132.)  For the reasons discussed below, Plaintiff's motions are DENIED.

**DISCUSSION**

A party seeking leave to file a motion for reconsideration must show either: (1) "at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court"; (2) "[t]he emergence of new material facts or a change of law occurring after the time of such order;" or (3) a "manifest failure by the Court to consider material facts or dispositive legal arguments" previously presented to the court. N.D. Cal. Civ. L. R. 7-9(b), "No motion for

leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party...seeks to have reconsidered." N.D. Cal. Civ. L.R. 7-9(c). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Plaintiff contends that reconsideration is appropriate under the third prong of Rule 7-9(b); that is, that the Court manifestly failed to consider material facts and dispositive legal arguments. Plaintiff has filed three separate briefs totaling 47-pages in support of his request for reconsideration. (Dkt. Nos. 126, 127 & 129.) Plaintiff takes issue with various portions of the Court's Order granting in part and denying in part portions of Defendant Dr. Tenner's motion to dismiss his SAC. (Dkt. No. 125.) In particular, Plaintiff contends that (1) the Court mischaracterized the factual allegations; (2) erred in its determination regarding the applicability of California Government Code section 855.2; (3) erred in dismissing his claim for false imprisonment; (4) erred in dismissing his medical battery claim; and (5) erred in dismissing his Section 1983 claim predicated on violation of his First Amendment rights.

Plaintiff has not demonstrated that "highly unusual circumstances" warrant reconsideration here. The facts and arguments raised in Plaintiff's motions for reconsideration either were or could have been presented to the Court in the context of the briefing on the motion to dismiss. Moreover, to a large extent, the motion reflects Plaintiff's disagreement with the Court's conclusions, rather than that the Court failed to consider his arguments. Indeed, the Court denied the motion to dismiss Plaintiff's medical negligence claim (thus his argument regarding Section 855.2 is moot), and the Court held that Plaintiff's medical battery and false imprisonment claims were cognizable as medical negligence claims (which he has), not intentional tort claims. Finally, the basis for the Court ruling on Plaintiff's Section 1983 First Amendment claim was that Plaintiff had failed to cure the pleading defects from his prior complaint; namely, that he had not alleged a plausible connection between his work as a labor representative or whistleblower, to the medical treatment he received from Dr. Tenner. The Court also commented on Plaintiff's new allegations

2

regarding forcible medication in response to paranoid speech, but the Court did not, as Plaintiff suggests, base its ruling on whether there is a First Amendment right to paranoid speech. Further, the Court allowed Plaintiff's Section 1983 claim under the Fourth, Eighth, and Fourteenth Amendments, which is predicated in part on his involuntary forced medication, to go forward in the last round of briefing. (Dtk . No. 94.) Plaintiff's motions for reconsideration are therefore DENIED.

To the extent that the motions also seek leave to file an immediate appeal to the Ninth Circuit Court of Appeals, there is no appeal as of right for such an interlocutory order. *See* 28 U.S.C. 1291("[t]he courts of appeals [] shall have jurisdiction of appeals from all final decisions of the district courts of the United States); *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1027 (9th Cir. 1982) (noting that as a general rule, a party may seek review of a district court's rulings only after the entry of final judgment). To the extent that Plaintiff requests that the issues raised in his motion for reconsideration "be certified for immediate appeal to the Ninth Circuit in accordance with 12 U.S.C. § 1292(b) as doing so would 'materially advance the ultimate termination of the litigation'" (dkt. no. 128 at 39:3-6), Plaintiff has failed to make the requisite showing under 1292(b). That resolution of the issue may materially advance the ultimate termination of the litigation is only part of the question. An interlocutory appeal under 1292(b) is appropriate if the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and [ ] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). There is no controlling question of law as to which there is substantial ground for difference of opinion here. Further, "the legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026. Accordingly, Plaintiff's request for immediate appeal of the Court's Order and/or motion for certification under 1292(b) is DENIED.

Finally, after Plaintiff filed his three motions for reconsideration, on July 10, 2017, Plaintiff submitted multiple ex parte requests including a request to continue the July 13, 2017 Case Management Conference, a request for an extension of time to file his Third Amended

3

1 Complaint which is due July 20, 2017, and a request to seal portions of the Declaration of Julia-
2 Hansen-Arenas filed in support of Defendants' separately filed Case Management Conference
3 Statement. (Dkt. Nos. 129 & 132.)   These ex parte requests are DENIED.  There is no good cause
4 for continuing the Case Management Conference, and Plaintiff's Third Amended Complaint is not
5 due until July 20 and the only amendment of the complaint authorized is to add the Regents of the
6 University of California as a defendant because Plaintiff inadvertently failed to include them in his
7 SAC. Finally, Plaintiff has failed to demonstrate that sealing is appropriate under Civil L.R. 79-5.

The previously scheduled Case Management Conference remains on calendar for July 13, 2017 at 1:30 p.m. in Courtroom F, 450 Golden Gate Ave., San Francisco.  The parties shall be prepared to discuss a case schedule at that time.

This Order disposes of Docket Nos. 126, 128, 129 and 132.

**IT IS SO ORDERED.**

Dated:  July 11, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4