UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL JENNINGS WARNE,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No.16-cv-06773-JSC<br><br>**ORDER RE: RENEWED APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>Re: Dkt. No. 179 |

Plaintiff's renewed motion to proceed in forma pauperis is now pending before the Court. (Dkt. No. 179.) The Court previously denied Plaintiff's motion for appointment of counsel and the included motion to proceed in forma pauperis because the motions did not reflect that Plaintiff was indigent. (Dkt. No. 147.) Plaintiff's renewed request includes additional financial information. Having carefully considered the motion and supporting documentation, the Court again DENIES Plaintiff's application to proceed in forma pauperis because he is not indigent.

**DISCUSSION**

An indigent party may be granted permission to proceed in forma pauperis upon submission of an affidavit demonstrating an inability to pay the required fees. *See* 28 USC § 1915(a). "The granting or denial of leave to proceed in forma pauperis in civil cases is within the sound discretion of the district court." *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (per curiam).

The in forma pauperis statute, 28 U.S.C. § 1915, does not define what constitutes insufficient assets to constitute indigence. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th

Cir. 2015). However, "'[i]f an applicant has the wherewithal to pay court costs, or some part thereof, without depriving himself and his dependents (if any there be) of the necessities of life, then he should be required[] to put his money where his mouth is." *Williams v. Latins*, 877 F.2d 65 (9th Cir. 1989) (quoting *Temple v. Ellerthorpe*, 586 F.Supp. 848, 851 (D.R.I. 1984)). The court "must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple*, 586 F. Supp. at 850 (citing *Potnick v. Eastern State Hospital*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982)). "But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple*, 586 F. Supp. at 850 (citing *Brewster v. North American Van Lines, Inc*., 461 F.2d 649, 651 (7th Cir. 1972)).

Here, Plaintiff's renewed application indicates that he has $24,103 in his checking account and $1 in his savings account, and that this is all that remains of the $60,000 in equity he received from the sale of his home in October 2016. (Dkt. No. 179.) Although Plaintiff owns a 2015 Jeep Cherokee, he owes $16,641 on it. Plaintiff also emphasizes that the IRS claims he owes $16,000—which he disputes—and that he has been forced to incur $33,000 in student loan debt to go back to school because, as is alleged in this suit, Defendants' and others' conduct has forced him out of his profession of choice. While Plaintiff is living with his mother and does not pay rent, he contributes financially to the household. Plaintiff lists his monthly expenses as $2,206 which includes $300/month for clothing and $400/month for food. Plaintiff also spent $3,000 for LASIX eye surgery in January and bought a new computer and iPad in July because he needed them for school.

The Court has carefully considered Plaintiff's financial situation and while the Court is sympathetic to the costs inherent in litigation, pursuing this ligation will not require Plaintiff to forego his basic human needs. That he may have to cut back on his clothing budget or other high-price expenditures such as elective surgery and new electronic equipment does not rise to the level of indigence required under Section 1915. "Requiring [litigants] to make economic decisions

about filing lawsuits does not deny access to the courts." *Roller v. Gunn*, 107 F.3d 227, 233 (4th Cir. 1997). Plaintiff's renewed motion to proceed in forma pauperis is therefore DENIED.

Finally, the Court notes that Plaintiff has repeatedly stated in his filings and his communications with the Court that if his application to proceed in forma pauperis is denied, he intends to seek an immediate appeal to the Ninth Circuit Court of Appeals. While Plaintiff correctly notes that the denial of an application to proceed in forma pauperis may be appealed as a matter of right when it is case dispositive, *Andrews v. King*, 398 F.3d 1113, 1118 (9th Cir. 2005), here that is not the case. Plaintiff has paid the filing fee, the case is proceeding in this Court, and Plaintiff seeks in forma pauperis status so that he may obtain appointment of pro bono counsel. Denial of a motion for appointment of counsel, which is at bottom what Plaintiff seeks—is not immediately appealable. *See Akmal v. Centerstance, Inc.*, 503 F. App'x 538, 538 (9th Cir. 2013) ("[W]e lack jurisdiction because the district court's denial of Akmal's request for counsel is not immediately appealable.") (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1330 & n. 2 (9th Cir. 1986) (recognizing that while orders denying appointment of counsel under Title VII may be immediately appealed, denials of counsel under § 1915 may not)). Accordingly, should Plaintiff appeal this Order, there would be no automatic stay of proceedings during the pendency of the Ninth Circuit's consideration of such an appeal.

This Order disposes of Docket No. 179.

**IT IS SO ORDERED.**

Dated: September 15, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3