UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL JENNINGS WARNE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants. | Case No.16-cv-06773-JSC<br><br>**ORDER FOLLOWING DECEMBER 7, 2017 HEARING**<br><br>Dkt. Nos. 195, 213, 220, 222, 233, 234, 239, 241, 242, 252, 253, 254, 255, 274, 275 |

On December 7, 2017, the Court held a hearing regarding pending motions and case management issues. This Order confirms the matters ruled on at the hearing and resolves all other motions pending at the time of hearing.

**A. Plaintiff's Non-Party Subpoenas**

Plaintiff has issued subpoenas to several non-parties. There are currently motions to compel pending with respect to Plaintiff's subpoenas to the California Department of Motor Vehicles ("DMV"), the Public Employees' Union, Local 1 ("Local 1"), and the California Medical Board. (Dkt. Nos. 195, 213, 241.) In addition, Defendant the City and County of San Francisco, has moved for a protective order with respect to a subpoena issued to Digital One Legal Solutions. (Dkt. No. 252.)

Under Rule 26, a party may obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Rule 45 governs discovery of non-parties by subpoena. The

scope of discovery through a Rule 45 subpoena is the same as the scope of discovery permitted under Rule 26(b). *See Beaver Cty. Employers Ret. Fund v. Tile Shop Holdings, Inc.*, No. 3:16-mc-80062-JSC, 2016 WL 3162218, at *2 (N.D. Cal. June 7, 2016) (citing Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970); Fed. R. Civ. P. 34(a)). "The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." *Lemberg Law LLC v. Hussin*, No. 3:16-mc-80066-JCS, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016) (quotation omitted); *see also United States v. C.B.S., Inc.*, 666 F.2d 364, 371-72 (9th Cir. 1982) ("Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party"). "The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Optimize Tech. Solutions, LLC v. Staples, Inc.*, No. 5:14-mc-80095-LHK, 2014 WL 1477651, at *2 (N.D. Cal. Apr. 14, 2014) (internal citation omitted).

**1. Plaintiff's Motion to Compel re: the DMV (Dkt. No. 195)**

Plaintiff has subpoenaed a variety of documents from the DMV relating to the suspension of his driver's license in May 2015. (Dkt. No. 216-2.) He alleges that this information is relevant because it is evidence of a "lengthy conspiracy to harass Plaintiff" which includes three car vandalisms between March 31 and April 21, 2015, as well as his license revocation.[1] (*Id.* at 11.) The DMV initially responded by serving objections, but it has since complied with the subpoena in large part, although it has declined to produce information regarding the hearing officer and her personnel file.

The Court DENIES Plaintiff's motion to compel any further information from the DMV for the reasons stated on the record. The information sought in the subpoena is not relevant to the parties' claims or defenses in this action.

---

[1] The incident underlying this action took place in August 2015.

2

**2. Plaintiff's Motion to Compel re: Labor Union, Local 1 (Dkt. No. 213)**

Plaintiff subpoenaed his former employer, Public Employees Union, Local 1, seeking "any and all documents and communications pertaining to his employment with PEU, Local 1, including but not limited to" 19 categories of documents. (Dkt. No. 175 at 10-13.) The 19 categories include things like: Plaintiff's employment appraisals, documents regarding the fourth vandalism of Plaintiff's car between June 26 and 28, 2015, Plaintiff's requests for training or retraining, and requests from third-parties for employment recommendations. (*Id.*) Plaintiff alleges that this information is relevant because he contends that while he was employed with the union and in heated negotiations with Contra Costa County, his car was vandalized and this was part of a conspiracy by "a second- or third-party person of public agency" to compromise his employment, and "open[] a criminal investigation into [Plaintiff's] alleged conduct outside of his employment solely as a means to justify the allotment of resources into a campaign of harassment and to attack his employment from other angles, including by communicating false, manufactures and contrived information in attempts to undermine his credibility." (*Id.* at 15.)

Plaintiff's motion to compel as to the Local 1 subpoena is DENIED. The materials sought in the subpoena are not relevant to the parties' claims or defenses in this action.

**3. Plaintiff's Motion to Compel re: the California Medical Board (Dkt. No. 241)**

Plaintiff served a subpoena on the California Medical Board seeking eight categories of documents, four of which relate to the handling of Plaintiff's complaint to the Medical Board regarding the at-issue incident with Dr. Tenner, and four of which relate to the handling of complaints generally. (Dkt. No. 180 at 10-12.) With respect to the latter four categories, Plaintiff seeks information regarding complaints of violation of patients' statutory and constitutional rights as well as the entire complaint file for the five most recent complaints alleging violation of a patient's statutory, regulatory, or constitutional rights.

The Medical Board responded to the subpoena by producing over 1,000 pages of documents.[2] (Dkt. No. 258.) Plaintiff nonetheless moves to compel on the grounds that the

---

[2] These documents include Plaintiff's complaint file, correspondence between the Medical Board and Plaintiff, and the Board's Consumer Complaint Unit Procedure Manual.

3

objections asserted by the Medical Board (in particular, the deliberative process, attorney client privilege, and confidentiality objections) were untimely and therefore waived. (Dkt. No. 241.) In response, the Medical Board argues that any delay should be excused for good cause because they timely asserted certain objections and then added to that list of objections once outside counsel became involved. (Dkt. Nos. 258-5; 258-6.)

Generally, the failure to timely assert objections constitutes a waiver; however, "[i]n unusual circumstances and for good cause, ... the failure to act timely will not bar consideration of objections [to a Rule 45 subpoena]." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005) (internal citation omitted). "Courts have found unusual circumstances where, for instance, the subpoena is overbroad on its face and exceeds the bounds of fair discovery and the subpoenaed witness is a non-party acting in good faith." *Id*. (collecting cases). Given the scope of the subpoena here, the Court concludes that good cause excuses the Medical Board's failure to timely raise all of its objections and therefore proceeds to the merits of the Medical Board's objections.

The Medical Board raises three primary objections to the subpoena. First, the Medical Board asserts deliberative process privilege over investigatory documents relating to Plaintiff's complaint. "The deliberative process privilege permits the government to withhold documents that reflect advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and polices are formulated." *Hongsermeier v. Commissioner of Internal Revenue*, 621 F.3d 890, 904 (9th Cir. 2010) (internal citations omitted). For the deliberative process privilege to apply, a document must meet two requirements: (1) "the document must be predecisional—it must have been generated before the adoption of an agency's policy or decision" and (2) "the document must be deliberative in nature, containing opinions, recommendations, or advice about agency policies." *F.T.C. v. Warner Comms. Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) (internal citations omitted). The deliberative process privilege is qualified and may be overcome by a strong showing of relevance and an inability to obtain the information from other sources. *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1034 (9th Cir. 1990). Courts consider the following factors in making this determination: 1) the relevance of the evidence, 2) the availability of other evidence, 3) the government's role in the litigation, and 4) the

4

extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions. *See F.T.C.*, 742 F.2d at 1161.

The Medical Board maintains that the documents at issue are both predecisional (prior to the denial of Plaintiff's complaint) and that they contain information regarding the deliberative process and internal decision making, but the Medical Board only makes this argument in very general terms. In addition, the Medical Board has failed to provide the required declaration to invoke the privilege, which is in and of itself a basis for denying the assertion of privilege. *See In re McKesson Governmental Entities Average Wholesale Price Litig.*, 264 F.R.D. 595, 602 (N.D. Cal. 2009). On this record, the Court cannot find that the deliberative process privilege applies. *See Mir v. Med. Bd. of California*, No. 12CV2340-GPC (DHB), 2016 WL 3406118, at *3 (S.D. Cal. June 21, 2016), *aff'd sub nom. Mir v. Kirchmeyer*, 2017 WL 164086 (S.D. Cal. Jan. 17, 2017)(denying assertion of privilege without prejudice to submission of a privilege log that specifically identifies which documents have been withheld, and submission of a declaration that provides detailed information about how the documents fit into the deliberative process.).

Second, the Medical Board contends that California Evidence Code Section 1040, the official information privilege, creates a privilege which applies to these documents. In particular, the Medical Board asserts that this privilege applies because "[d]isclosure of the information is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interest of justice." Cal. Evid. Code § 1040(b)(2). However, as with the deliberative process privilege, the Medical Board has failed to properly invoke the privilege as it may only be "claimed by a person authorized by the public entity" and there has been no showing that the Attorney General's office is qualified to claim the privilege on behalf of the Medical Board. However, assuming the official information privilege could properly be invoked, it would appear to apply to the information sought here. *See, e.g.*, *Suarez v. Office of Admin. Hearings*, 123 Cal. App. 4th 1191, 1195 (2004), as modified (Dec. 2, 2004) (finding that real estate broker accused of fraud was not entitled to disclosure of Department of Real Estate (DRE) audit and enforcement deputy manuals in administrative proceeding because the record indicated that confidentiality would protect DRE's ability to investigate and would thus

advance the public interest, and that broker did not need the manuals for his defense); *McKillop v. Regents of Univ. of California*, 386 F. Supp. 1270, 1278 (N.D. Cal. 1975) (concluding that university's need to preserve confidentiality of documents in tenure files submitted or written in official confidence decisively outweighed professor's need for their production to determine whether she was improperly denied tenure by university, and thus the documents were protected by privilege for official information and their production would not be compelled.)

Finally, the Medical Board argues that California Business and Professions Code Section 800(a), which governs the creation and maintenance of a central file regarding each person who holds a medical license, protects this information from disclosure. Section 800(c)(1) provides that "the contents of any central file that are not public records under any other provision of law shall be confidential except that the licensee involved, or his or her counsel or representative, shall have the right to inspect and have copies made of his or her complete file except for the provision that may disclose the identity of an information source." The Medical Board contends that the Board's investigations into Drs. Tenner and Yeh in response to Plaintiff's complaint are a part of the doctor's central files and thus subject to the confidentiality requirements of Section 800(c)(1). The Medical Board, however, has not cited case law suggesting that Section 800(c)(1) acts as a shield to discovery in civil litigation.

Accordingly, the Court does not have enough information before it to determine whether the deliberative process, official information, or Section 800(a) privilege applies to protect the documents sought in Plaintiff's subpoena. Accordingly, the Court denies the Medical Board's assertion of these privileges without prejudice to renewal upon a proper showing. To the extent that the Medical Board wishes to make such a showing, it must submit a motion to quash, accompanied by declarations properly invoking the privilege, within 14 days.

**4. The City's Motion for a Protective Order (Dkt. Nos. 252, 253)**

The City and County have filed a motion for protective order with respect to a subpoena Plaintiff issued to Digital One Legal Solutions. (Dkt. No. 252.) Digital One is the company that provided the pixilation process which blurred the faces of the third-parties on the surveillance video from San Francisco General Hospital. (Dkt. No. 252-1 at ¶ 5.) The subpoena seeks

correspondence between the City Attorney's Office and Digital One regarding the pixilation process. (Dkt. No. 232.) The City and County seek a protective order because this information is not relevant to this action, and even if relevant, it would be protected by deliberative process privilege.

Plaintiff obtained the at-issue surveillance video in his state court Public Records Act action. In that action, the court concluded that Plaintiff had a right to video surveillance footage, but that the facial images and other identifying information (other than Plaintiff's) would be pixilated. (Dkt. No. 256-11 at 5.) Plaintiff contends that the video was over-pixilated and materially altered. Plaintiff seeks counsel's correspondence with Digital One because he believes counsel instructed Digital One to materially improperly edit the video.

Defendant's motion for a protective order is GRANTED for the reasons stated on the record. The state court previously rejected Plaintiff's objections regarding over-pixilation of the video. (Dkt. No. 256-13.) Plaintiff is free, however, to make these arguments regarding the reliability of the video evidence in connection with summary judgment. Further, Defendant has offered to show the unredacted full-form version of the video to Plaintiff in an *in camera* proceeding. This *in camera* proceeding shall take place before Plaintiff's deposition on January 3, 2018 at 8:00 a.m. in Courtroom D, 450 Golden Gate Ave., San Francisco, California.

**5. Plaintiff's Motion for Sanctions (Dkt. No. 254)**

Plaintiff has filed a motion for sanctions contending that Defendants deliberately violated Federal Rule of Civil Procedure 30(e) regarding witness review of deposition transcripts and changes thereto with respect to Ms. Elrod's deposition. (Dkt. No. 254.) The motion for sanctions is DENIED. Neither Plaintiff nor Ms. Elrod have alleged that they were prejudiced by the delay as Ms. Elrod was able to timely make her changes to the deposition transcript.

Plaintiff's related motions to supplement the record with audio recordings Ms. Elrod made of conversations between herself and her husband without his knowledge are DENIED. (Dkt. Nos. 242, 273.) Leaving aside the legality of the recordings, they are not relevant to any issues that the Court is presently deciding.

**B. Case Management Issues**

    **1. Plaintiff's Motion for a Protective Order (Dkt. No. 220)**

Plaintiff filed a proposed modified protective order which would allow him to use confidential documents produced in this case to solicit counsel. (Dkt. No. 213.) Defendants object to this version of the protective order and request that the Court enter the standard model protective order. The Court has done so. To the extent that Plaintiff would like to show any particular documents produced pursuant to the protective order to a third-party, he may petition the Court for permission to do so.

    **2. Plaintiff's Motion to Set Aside Deposition Stipulation (Dkt. No. 222, 233, 234)**

On September 29, 2017, the Court set the Case Management Schedule in this case. (Dkt. No. 194.) The close of fact discovery was set for March 1, 2018 with a dispositive motion hearing date of May 17, 2018. The Court also set a deposition schedule for Plaintiff's deposition and his depositions of Drs. Tenner, Yeh, and Murphy, as well as Officer Gomez. The Court set these depositions to occur during the first two weeks of January to accommodate Plaintiff's school schedule and so that Plaintiff would not have to make multiple trips to California. Indeed, the Court has accommodated Plaintiff's objections to appearing in person for all hearings in this case and allowed him to appear telephonically instead. The parties thereafter filed a stipulation agreeing that Plaintiff's mother's deposition would take place in San Francisco during this same time period. (Dkt. No. 210.) Plaintiff now seeks to vacate the deposition schedule as well as the fact discovery deadline because he contends that he has not received adequate responses to his discovery requests. The Court accordingly spent nearly an hour of the hour and a half December 7, 2017 hearing addressing Plaintiff's issues with respect to the discovery produced in this action. This Order confirms the rulings of the Court with respect to the issues Plaintiff raised at the hearing regarding Defendants' discovery responses:

- Dr. Tenner shall supplement her responses to Plaintiff's interrogatories to represent why she did what she did.

- To the extent it has not already done so, the City and County of San Francisco shall provide Plaintiff with copies of the following: (1) all policies governing the use of

8

force, (2) all policies regarding welfare checks, (3) all San Francisco General Hospital policies regarding treatment of purportedly addicted patients, (4) the San Francisco General Hospital patient's bill of rights, and (5) any San Francisco General Hospital policies regarding the use of chemical and physical restraints.

- Plaintiff's request to compel responses to the other discovery requests discussed at the hearing is denied.

As stated on the record at the December 7, 2017 hearing, to the extent that Plaintiff has additional concerns regarding discovery that he did not raise at the hearing on December 7, on or before December 13, 2017 he may submit a 10-page letter brief inclusive of exhibits which sets forth his remaining issues. Defendants may each respond in 5-pages or less by December 19. The Court will then take the matter under submission. The Court understands that Plaintiff contends that he needs this discovery in advance of the depositions he is taking.

Based on the foregoing, Plaintiff's motion to set aside the case schedule is DENIED. The depositions shall go forward at the San Francisco federal courthouse as follows:

| | |
|---|---|
| Plaintiff's Deposition: | January 3, 2018 |
| Dr. Yeh's Deposition: | January 4, 2018 |
| Bonnie Gay Jenning's Deposition: | January 5, 2018 |
| Dr. Murphy's Deposition: | January 8, 2018 |
| Dr. Tenner's Deposition: | January 9, 2018 |
| Officer Gomez's Deposition: | January 10, 2018 |

**3. Miscellaneous Motions**

Plaintiff has filed an administrative motion to file portions of his medical records under seal "for the Court's deliberations and others purposes." (Dkt. No. 239.) This request, however, is not tethered to a motion currently pending before the Court. Accordingly, the administrative motion to seal is DENIED. No further action is necessary regarding this motion because Plaintiff did not in fact file his medical records with the administrative motion to seal as is required by Local Rule 79-5(d).

On December 6, Plaintiff filed a renewed motion to file under seal portions of prior exhibits. (Dkt. No. 274.) The Court cannot tell from his submission what Plaintiff actually seeks sealing of and the motion likewise fails to comply with Local Rule 79-5. In particular, the local rule and this Court's Standing Order require a party seeking sealing to file a redacted and unredacted version highlighting the proposed redactions for each document sought to be sealed so that Court can see the proposed redactions. Plaintiff has failed to do so here. Accordingly, Plaintiff's motion to seal previously filed documents is DENIED.

Finally, Plaintiff filed an "administrative motion pursuant to Local Rule 3-4(e) in re: citation of case law designated as "not for citation" under the doctrine of collateral estoppel."[3] (Dkt. No. 255.) Plaintiff appears to be arguing that he recently discovered an unpublished case, *Crawford v. Regents of Univ. of California*, 10 Cal. App. 4th 149 (1992), which supports his claim for false imprisonment. The motion is DENIED. There is no pending motion before the Court regarding Plaintiff's dismissed claim for false imprisonment. Even if the Court were to construe the motion as a motion to reconsider the Court's order granting in part and denying in part Defendants' motion to dismiss his second amended complaint—which the Court declines to do—it would not satisfy the requirements for a motion to reconsider because Plaintiff has not and cannot show that there is: (1) a material difference of fact or law which he could not have discovered before through reasonable diligence, (2) that there are new material facts or a change in the law, or (3) that there was a manifest failure by the Court to consider material facts of dispositive legal arguments. *See* Civ. L.R. 7-9(b).

*\*\*\**

This Order Disposes of Docket Nos. 195, 213, 220, 222, 233, 234, 239, 241, 242, 252, 253, 254, 255, 274, 275.

**IT IS SO ORDERED.**

Dated: December 8, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

[3] Local Rule 3-4(e) prohibits citation of "not for citation" cases.

10