UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| JOEL JENNINGS WARNE, | Case No.16-cv-06773-JSC |
|---|---|
| Plaintiff, | |
| v. | **ORDER RE: PLAINTIFF'S MOTION FOR DISQUALIFICATION** |
| CITY AND COUNTY OF SAN FRANCISCO, et al., | Re: Dkt. No. 294 & 295 |
| Defendants. | |

The Court is in receipt of Plaintiff's motion for disqualification pursuant to 28 U.S.C. §§ 455(a), (b)(1), (b)(4). (Dkt. No. 294.) "[A] judge has as strong a duty to sit when there is no legitimate reason to recuse as [s]he does to recuse when the law and facts require." *Clemens v. U.S. Dist. Court for Cent. Dist. of Cal*., 428 F.3d 1175, 1179 (9th Cir. 2005) (internal citation and quotation marks omitted). "Since a federal judge is presumed to be impartial, the party seeking disqualification bears a substantial burden to show that the judge is biased." *Harper v. Lugbauer*, 2012 WL 734167, at *1 (N.D. Cal. Mar. 6, 2012) (internal citation and quotation marks omitted).

Plaintiff's motion for disqualification raises a litany of concerns with respect to the Court's bias, prejudice, and impartiality, none of which are founded. *See United States v. Holland*, 519 F.3d 909, 914–15 (9th Cir. 2008) (holding that the two-part test is (1) whether "a reasonable third-party observer who "understand[s] all the relevant facts" and has examined the record and law—not a "hypersensitive or unduly suspicious person"—would conclude that there is an appearance of bias, and (2) whether the court concludes that it cannot impartially "administer justice without respect to persons."). Nor does the Court or any member of her household have a "financial interest in the subject matter in controversy or in a party to the proceeding." *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1041 (9th Cir. 2011 (quoting 28 U.S.C. § 455(b)(4)). Accordingly, Plaintiff's

motion for recusal is DENIED.

However, for reasons unrelated to Plaintiff's motion, the undersigned recuses herself from this case and requests that the case be reassigned.

All pending dates and deadlines, including the date of Plaintiff's deposition, remain in place unless and until they reset by the newly assigned judge.

This Order disposes of Docket Nos. 294 and 295.

**IT IS SO ORDERED.**

Dated: December 15, 2017

*Jacqueline Scott Corley*
JACQUELINE SCOTT CORLEY
United States Magistrate Judge