UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL JENNINGS WARNE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-06773-DMR<br><br>**ORDER RE: DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE TO COMPEL DEPOSITION; REQUEST FOR SANCTIONS**<br><br>Re: Dkt. No. 323 |

Pro se Plaintiff Joel Jennings Warne ("Mr. Warne") filed this action against the Regents of the University of California (the "Regents"), Dr. Andrea Gail Tenner, M.D. ("Tenner"), the City and County of San Francisco ("CCSF"), and Officer Steven D. Gomez (Star No. 2317) ("Gomez"), alleging federal and state law claims relating to the medical treatment he received at San Francisco General Hospital ("SFGH") in August 2015. The Regents and Tenner now move to dismiss the entire action pursuant to Federal Rule of Civil Procedure 41(b) for Mr. Warne's failure to appear at his court-ordered deposition. [Docket No. 323]. They also request monetary sanctions pursuant to Rule 37 in the amount of $6,186.90 for the reasonable attorneys' fees and costs incurred as a result of Mr. Warne's failure to appear. Alternatively, they move to compel Mr. Warne to appear for his deposition at a date and time of the court's choosing. CCSF and Gomez join the motion and also request reasonable attorneys' fees and costs in the amount of $1,102.50. [Docket No. 325]. Mr. Warne opposes. [Docket Nos. 344-47, 351-52, 355]. The court held a hearing on March 15, 2018. For the reasons stated below, and having carefully considered the parties' submissions and oral argument, the court grants the motion to dismiss, and dismisses this action under Federal Rule of Civil Procedure 37(b) for Mr. Warne's failure to comply with three court orders to appear for his deposition. Defendants' request for monetary

1    sanctions is denied.

**I.   BACKGROUND**

Mr. Warne originally filed this lawsuit in San Francisco Superior Court on October 24, 2016. Compl. [Ex. 1] to Not. of Removal [Docket No. 1-1]. CCSF removed the action on November 23, 2016, where it was assigned to the Honorable Jacqueline Scott Corley. According to the operative Third Amended Complaint, Mr. Warne alleges that on August 8, 2015, he admitted himself to SFGH for an adverse reaction to a medication. Third Amended Complaint ("TAC"), ¶ 44 [Docket No. 142]. Upon admission to SFGH, he was subjected to inadequate medical care by Tenner. Mr. Warne also alleges that he was forcibly detained, restrained in four-point restraints by county sheriffs, and was administered anti-psychotic medications by the hospital staff, all against his will. TAC, ¶¶ 44-52.

As described in detail below, Judge Corley held a series of case management conferences during which she carefully crafted a deposition schedule to accommodate Mr. Warne's school schedule and his desire to minimize trips to California from his home in Texas. Mr. Warne responded to Judge Corley's efforts to accommodate him by filing two motions to vacate the scheduling orders, and proffering excuse after excuse to avoid appearing for his deposition.

Thus, at the August 31, 2017 case management conference, Judge Corley set a fact discovery deadline of November 15, 2017 for the claims against CCSF and Gomez, and a November 30, 2017 deadline for the claims against the Regents and Tenner, to which all parties agreed. [Docket No. 170]; 8/31/17 Tx. at 3:20-5:22 [Docket No. 346-3]. The next day, Mr. Warne filed an *ex parte* application to vacate the August 31, 2017 scheduling order for two reasons. [Docket No. 171]. Mr. Warne first claimed that he did not understand what he agreed to at the August 31, 2017 case management conference. *Id*. He next argued that he needed additional time to complete his own discovery, and proposed extending the fact discovery deadline to April 2018, and other deadlines to the Summer and Fall of 2018, in light of the completion of his studies in April or May 2018 and his anticipated graduation date of August 2018. [Docket No. 171 at 3]; Ex. A (Proposed Schedule) [Docket No. 171-1].

On September 7, 2017, Judge Corley granted Mr. Warne's *ex parte* application in part and

2

extended the fact discovery deadline to January 15, 2018 to take into account Mr. Warne's scheduling issues. Order re: Ex Parte Application to Set Aside August 31, 2017 Scheduling Order [Docket No. 181]. Judge Corley also ordered that Mr. Warne's deposition [must] occur before the end of December of 2017 in the [c]ourt's jury room," and that the parties "[must] work together to schedule [Mr. Warne's] deposition for when he is on school break in October, November, or December." *Id*.

In light of Judge Corley's September 7, 2017 Order, and upon the parties' agreement, the Regents and Tenner re-noticed Mr. Warne's deposition for December 18, 2017. Hansen-Arenas Decl., ¶¶ 5-6 [Docket No. 323-1], Ex. D (September 14, 2017 e-mail from Mr. Warne to Hansen-Arenas re: Service of Process); Ex. E (Re-Notice of Taking Deposition of Plaintiff Joel Warne and Request for Production of Documents).

Despite his original agreement, Mr. Warne subsequently objected to the December 18, 2017 date for his deposition. [Docket No. 191 at 9]. At the September 28, 2017 case management conference, Judge Corley addressed Mr. Warne's objection. 9/28/17 Tx. at 3:22 - 22:25 [Docket No. 346-4]. She began the hearing by noting that she had moved the fact discovery deadline at Mr. Warne's request in order to accommodate his school schedule, and asked Mr. Warne for the basis for his objection to the deposition date to which he had previously agreed. *Id*. at 4:1-5. Mr. Warne explained that despite the fact that he had responded to all of Defendants' discovery requests, he had yet to receive discovery from them. *Id*. at 4:8-5:6. He also stressed that he was not wealthy and could not afford to make multiple trips to San Francisco to conduct depositions, and therefore requested that the depositions be scheduled so that he could complete them in one trip if possible. *Id*. at 5:14-23. In order to minimize the number of trips Mr. Warne would have to make to California, Judge Corley ordered that Mr. Warne's deposition take place on January 3, 2018 at the San Francisco courthouse, to be followed by the depositions of Drs. Yeh, Tenner, and Murphy on the January 4, 5, and 8, respectively. Order Re: Scheduling and Case Management ("September 28, 2017 Scheduling Order") [Docket No. 194 at 1:19-26]; 9/28/17 Tx. at 6:14-9:18. Judge Corley also extended the fact discovery deadline to March 1, 2018. September 28, 2017 Scheduling Order at 2:25.

United States District Court
Northern District of California

Less than two months later, on November 2, 2017, Mr. Warne once again moved to vacate the deposition schedule and the fact discovery deadline. This time, Mr. Warne filed a 40-page motion, along with a 10-page *ex parte* application regarding the same. [Docket Nos. 233, 234]. Mr. Warne argued that he "could not appear to be deposed, or take depositions" in light of the Defendants' purported willful refusal to provide him with his requested discovery. [Docket No. 233 at 40:12-19]. He also asserted that to force him into depositions in January 2018 "would cause [him] unreasonable expense, not only having to seek leave to conduct second depositions based on documents previously withheld but fund the travel and lodgings necessary to conduct those second depositions." *Id*. at 40:20-23. Following his motion to vacate, Mr. Warne filed a motion to compel and motion for sanctions against Defendants, as well as numerous administrative motions. *See, e.g.,* [Docket Nos. 239, 241, 242, 252, 253, 254, 255, 274, 275].

On December 7, 2017, Judge Corley held a case management conference and hearing during which she addressed all of Mr. Warne's motions. Order Following December 7, 2017 Hearing ("December 7, 2017 Order) [Docket No. 286]. Regarding Mr. Warne's motion to vacate, Judge Corley explained that she "set this deposition schedule to accommodate [Mr. Warne's] school schedule and so [she] set it when [he was] going to be on break from school," and that she was not going to move the March 1, 2018 fact discovery deadline. 12/7/17 Tx. at 19:6-10 [Docket No. 346-7]. To that end, Judge Corley inquired when Mr. Warne would be available to come to California to complete his deposition prior to March 1, 2018. *Id*. at 20:6-12. In response, Mr. Warne continued to assert that he could not proceed with his deposition and the other witness depositions because he lacked certain documentary discovery he claimed he needed for these depositions. *Id*. at 21:13-24:12. Judge Corley instructed Mr. Warne that she would try to resolve all the outstanding discovery issues to the extent possible during the hearing, but that, in light of Mr. Warne's past behavior, she could not accommodate his request to move the deposition schedule yet again. *Id*. at 23:13-25:10. Therefore, Mr. Warne's deposition remained set for January 3, 2018. December 7, 2017 Order at 9:15. Judge Corley then spent nearly an hour and a half addressing Mr. Warne's discovery concerns. 12/7/17 Tx. at 27:24-64:11. She also gave Mr. Warne the opportunity to file an additional 10-page letter brief by December 13, 2017 regarding

any remaining discovery disputes. December 7, 2017 Order at 9:7-10.

At the December 7 hearing, Judge Corley warned Mr. Warne that his case would be subject to dismissal for failure to prosecute if he did not appear at his deposition:

> COURT: I'm going to issue an order. I gave you the opportunity -- I've been sitting with you for nearly an hour and a half as I set forth on the record how we've accommodated your schedule and accommodated you not coming out here. This case is moving forward. I'm going to issue an order with those depositions. If you want them, you'll come out. If your deposition is ordered to take place, I'm warning you now if you don't come, your case will be subject to dismissal for a failure to prosecute.

12/7/17 Tx. at 64:18-65:2.

Mr. Warne did not file an additional discovery letter brief by the December 13, 2017 deadline set by Judge Corley. Instead, he chose to file a motion to disqualify Judge Corley on December 14, 2017. [Docket No. 294].

On December 15, 2017, Judge Corley denied Mr. Warne's motion for disqualification, but elected to recuse herself for reasons unrelated to the disqualification motion. [Docket No. 296]. The matter was thereafter reassigned to the undersigned on December 15, 2017. [Docket No. 297].

On December 18, 2017, Mr. Warne filed a motion to vacate the January 2018 depositions until June 2018. [Docket No. 299]. This time, Mr. Warne argued that a family situation prevented him from being in California in January 2018. As before, he also asserted that he lacked adequate discovery to proceed with these depositions. He requested additional miscellaneous relief which included rehearing and reconsidering a number of previously decided motions; permitting him to amend his complaint to include previously-dismissed claims; and granting him leave to file a Fourth Amended Complaint to allege new claims for fraud, concealment, and conspiracy based on recently reviewed evidence.

On December 20, 2017, the court denied Mr. Warne's motion to vacate the deposition schedule. December 20, 2017 Order Reaffirming Case Management Deadlines and Deposition Schedule, and Changing Location of January 2018 Depositions ("December 20, 2017 Order") [Docket No. 307]. The court explained that the current deposition schedule was the result of

considerable effort by Judge Corley to accommodate his school schedule and to prevent him from having to make multiple trips to California. December 20, 2017 Order at 2:1-7 (citing Order Re: Scheduling and Case Management at 1:19-21 [Docket No. 194]; Order Following December 7, 2017 Hearing [Docket No. 286] at 8:9-9:21).

The court found that Mr. Warne had not demonstrated good cause to vacate the scheduling order. December 20, 2017 Order at 2:7-25. Regarding Mr. Warne's family situation, the court explained that Mr. Warne's stated concern that he had to remain in Texas to protect his sister in light of her plans to file for divorce from an abusive husband was not a reasonable basis to vacate the scheduling order. The court noted that Mr. Warne would only be in California for a brief period of time for the depositions, and nothing in the record indicated that his sister had no option other than to rely on Mr. Warne for shelter if she chose to file her divorce papers in early January and her husband threatened her as a result. *Id*. at 2:8-19.

Regarding his purported need for additional discovery, the court reminded Mr. Warne that Judge Corley had already spent an hour and a half at the December 7, 2017 hearing resolving the same discovery concerns, and had granted him leave to file an additional 10 page brief setting forth any remaining discovery issues, which he chose not to file. *Id*. at 20-25.

The court ordered that Mr. Warne's January 3, 2018 deposition would proceed as scheduled, along with the other noticed depositions, subject only to a change in the location of the deposition to the Oakland federal courthouse. *Id*. at 2:26-3:3. The court warned Mr. Warne, as Judge Corley previously had warned him, "that a failure to appear in violation of the Order Following December 7, 2017 Hearing, as well as this order, may result in dismissal of his case for failure to prosecute." December 20, 2017 Order at 3:12-14.

Immediately following the issuance of the December 20, 2017 Order, Mr. Warne filed a Declaration of Non-Appearance for January 2018 Depositions ("Declaration of Non-Appearance"). [Docket No. 308]. In his declaration, he stated that he would not be appearing for deposition or participating in the other scheduled depositions in January 2018, and that Defendants should mitigate any deposition-related expenses by cancelling arrangements in order to avoid incurring unnecessary costs. Declaration of Non-Appearance at ¶¶ 1, 7. On December 21, 2017,

1 he filed an administrative motion confirming once more that he would not be appearing at any of

2 the scheduled depositions, including his own. [Docket No. 310 at 1:26-2:7; 3:3-5] (explaining that

3 he notified Defendants at least three times that he would not be appearing for the scheduled

4 depositions and that Defendants should cancel all deposition-associated arrangements to avoid

5 incurring any unnecessary costs).

6      Mr. Warne did not appear for his deposition on January 3, 2018. Joint Request to File

7 Motions [Docket No. 317] at 2; Order Regarding Upcoming Depositions and Joint Request to File

8 Motions ("Order Regarding Upcoming Depositions") [Docket No. 318] at 2:2-3. In light of Mr.

9 Warne's failure to appear, the court relieved Defendants and the other deponents of their

10 responsibility to appear at the depositions scheduled that week. Order Regarding Upcoming

11 Depositions at 2:4-7, 14-15.

12      On January 5, 2018, the Regents and Tenner filed this motion, in which CCSF and Gomez

13 join. [Docket Nos. 323, 325].

## II. LEGAL STANDARD

15      The Regents and Tenner move pursuant to Rule 41 to dismiss the action based on Mr.

16 Warne's failure to comply with court orders requiring him to appear at his deposition. They also

17 move for monetary sanctions under Rule 37.

18      The U.S. Supreme Court has explained that the question of whether dismissal is

19 appropriate for non-compliance with a discovery order "depends exclusively upon Rule 37," such

20 that "[t]here is no need to resort to Rule 41(b)." *Societe Internationale Pour Participations*

21 *Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 207 (1958). The Court concluded

22 that the lower court erred in dismissing a complaint under Rule 41 and the court's inherent power

23 for failure to provide discovery, because "Rule 37 provides more expansive coverage by

24 comprehending disobedience of production orders by any party." *Id.*

25      The orders at issue here concern discovery matters and therefore fall under Rule 37, and

26 not Rule 41. Accordingly, the court will consider Defendants' dismissal request under Rule 37.

27 *See, e.g., Sanchez v. Rodriguez*, 298 F.R.D. 460, 463 (C.D. Cal. 2014) ("The Magistrate is right

28 that where a party's noncompliance with a discovery order is the asserted basis for dismissal as a

7

sanction, the court must employ the discovery-specific Rule 37 rather than relying on Rule 41(b), the general rule governing involuntary dismissal, or on the court's inherent authority, so long as Rule 37 is up to the task.") (quotation marks omitted).

Federal Rule of Civil Procedure 37 authorizes the imposition of sanctions for discovery violations, including a party's failure to obey a court order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). Such sanctions may include ordering a party to pay the reasonable expenses, including attorneys' fees, caused by its failure to comply with the order or rule. Fed. R. Civ. P. 37(b)(2)(C). A court may also dismiss an action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v).

In determining whether dismissal under Rule 37(b) is appropriate, the court must consider the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1056-57 (9th Cir. 1998) (citation and internal quotation marks omitted). "[W]here a court order is violated, factors 1 and 2 support sanctions and 4 cuts against case-dispositive sanctions, so 3 and 5, prejudice and availability of less drastic sanctions, are decisive." *Id.* at 1057 (citing *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)). Because dismissal is such a severe sanction, the court must also find that the plaintiff's non-compliance is "due to willfulness, bad faith or fault." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 946 (9th Cir. 1993) (citing *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985)); *Ct. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (same).

### III. DISCUSSION

The Regents and Tenner contend that dismissal is appropriate because Mr. Warne failed to appear at his court-ordered deposition, thereby violating three court orders. *See* September 2017 Scheduling Order; December 7, 2017 Order; December 20, 2017 Order. The court also repeatedly cautioned Mr. Warne that his failure to appear at his deposition "may result in dismissal of his case for failure to prosecute." December 20, 2017 Order at 3:12-14; 12/7/17 Tx. at 64:18-65:2.

Notwithstanding these court orders and warnings, Mr. Warne did not appear.

Mr. Warne does not dispute that he failed to appear for his court-ordered deposition, or that his deposition was the subject of three court orders. Instead, he argues that dismissal is inappropriate because he diligently prosecuted this case for over two years. Indeed, Mr. Warne spends nearly 22 pages of his 25 page opposition discussing his prosecution of this case, including the merits of his dismissed claims. Mr. Warne also contends that his failure to appear at his January 3, 2018 deposition was not willful because (1) he had to remain in Texas due to a family emergency involving his sister, and (2) the Regents and Tenner still have not produced certain discovery that he believes is relevant to his deposition.

### A. Dismissal under Rule 37

Under Rule 37, the court first considers whether Mr. Warne's noncompliance with the three court orders was willful, before turning to the five factors to determine whether dismissal is warranted.

#### 1. Willfulness, Bad Faith, or Fault

Mr. Warne contends that his noncompliance with the three court orders requiring him to appear at his deposition was not willful because a family emergency involving his sister required him to be in Texas until March 2018.

Conduct is willful, in bad faith, or the fault of the litigant under Rule 37 if it is not "outside the control of the litigant." *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1233 (9th Cir. 2006) ("Disobedient conduct not shown to be outside the litigant's control meets this standard.") (citation and internal quotation marks omitted).

The court finds that Mr. Warne has exhibited a pattern of behavior that demonstrates a willful intent to avoid appearing for his deposition. Mr. Warne made excuse after excuse to evade or at least postpone this basic discovery obligation. He repeatedly complained that he could not go forward with his deposition because Defendants had not produced adequate discovery. Judge Corley thoroughly addressed these complaints and found them lacking. Mr. Warne also repeatedly raised concerns about travel expenses and impacts on his educational schedule. Judge Corley bent over backwards to accommodate these concerns. When the matter came before the

undersigned and the deposition date loomed large, Mr. Warne raised a new issue, but the circumstances he cited to support his nonappearance amounted to a last-ditch effort to avoid the court's order. In late December, Mr. Warne claimed that he could not attend his January 3 deposition because his sister was planning to file for divorce in early January 2018, which could potentially trigger a violent reaction by her abusive husband. Mr. Warne wanted to be present in Texas in case he needed to protect her. As discussed in the December 20, 2017 Order, nothing in the record demonstrates that Mr. Warne's sister had no option other than to rely on Mr. Warne if, in fact, she chose to file for divorce in early January 2018. December 20, 2017 Order at 2:8-19. Indeed, the record shows that Mr. Warne's mother had already planned to have his sister move in with her. [Docket No. 299-2]. Moreover, Mr. Warne would only be away from Texas for a few days to attend his deposition in California, as well as the other depositions that were scheduled for his convenience to take place on the following days.

All three court orders were clear. It is undisputed that Mr. Warne understood that he had to appear for his deposition on January 3, 2018, or face dismissal of his case. This also supports the court's finding of willfulness. *See Handwerker v. AT & T Corp.*, 211 F.R.D. 203, 209 (S.D.N.Y. 2002) ("Non-compliance may be deemed willful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control.") (citation and internal quotation marks omitted).

### 2. Dismissal Factors

Having found that Mr. Warne's noncompliance was willful, the court now considers the five dismissal factors. For the reasons discussed below, the court finds that the factors weigh heavily in favor of dismissal.

The first two factors—"the public interest in expeditious resolution of litigation" and "the court's need to manage its docket"—relate to the "efficient administration of judicial business for the benefit of all litigants with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980). Both factors weigh in favor of dismissal here. By disobeying three court orders and ultimately failing to appear for his deposition, Mr. Warne significantly delayed the prosecution of this case. His pattern of behavior in avoiding his

10

deposition also resulted in the expenditure of considerable judicial time and resources. In this way, Mr. Warne's actions wasted "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

The third factor, "the risk of prejudice to the defendants," also weighs in favor of dismissal. "In determining whether a defendant has been prejudiced, [courts] examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). The court finds that Mr. Warne's actions have prejudiced Defendants. The fact discovery deadline was March 1, 2018, after Judge Corley extended it twice at Mr. Warne's request. By continually thwarting Defendants' efforts to take his deposition, Mr. Warne hindered Defendants' ability to adequately and timely prepare their defense, and unreasonably delayed the progress of this case. *See Chih-Cheng Tsao v. Cty. of Los Angeles, Office of Assessor*, No. CV 09-1268-JST CWX, 2011 WL 1532331, at *6 (C.D. Cal. Mar. 30, 2011), report and recommendation adopted sub nom. *Chih Cheng Tsao v. Cty. of Los Angeles*, No. CV 09-1268 JST CWX, 2011 WL 1532014 (C.D. Cal. Apr. 22, 2011) (finding third factor met; "Without the opportunity to obtain [the plaintiff's] sworn deposition testimony regarding the alleged factual basis for her claims, [the defendants]' ability to defend this action appropriately and efficiently has been impeded.") (citing cases).

The fourth factor, "the public policy favoring disposition of cases on their merits," weighs against dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

However, the last factor, "the availability of less drastic alternatives," weighs in favor of dismissal. "In determining whether a district court has properly considered the adequacy of less drastic sanctions before dismissing a party's case, [the Ninth Circuit] consider[s] (1) whether the district court explicitly discussed the feasibility of less drastic sanctions and explained why such alternate sanctions would be inappropriate; (2) whether the district court implemented alternative sanctions before ordering dismissal; and (3) whether the district court warned the party of the possibility of dismissal before ordering dismissal." *Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 352 (9th Cir. 1995). A district court need not implement a less severe

11

sanction if it "reasonably conclude[s]" that a lesser sanction would be "pointless." *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1170 (9th Cir. 2012) (citation and internal quotation marks omitted)).

Having carefully considered the record, the court finds that a less severe sanction such as ordering Mr. Warne (again) to appear at a deposition would not be feasible, and would in fact be pointless under these circumstances. As discussed in detail above, Mr. Warne's deposition has been an ever-moving target due to his repeated efforts to avoid his discovery obligations. The court made numerous attempts to accommodate his stated concerns. Notwithstanding these accommodations, plus three court orders requiring him to appear at his deposition and two warnings that his case could be dismissed if he failed to appear, Mr. Warne chose not to show up. In light of these facts, the court finds that it is highly unlikely that it could achieve compliance by issuing yet another order compelling his attendance at a deposition.

This finding is buttressed by the fact that Mr. Warne has a history of disobeying court orders in this case. For example, he has repeatedly filed documents without leave of court and has contacted the court's Courtroom Deputy via e-mail in violation of the court's non-contact order. *See, e.g.*, [Docket Nos. 289, 322]. In light of Mr. Warne's history of noncompliance with court orders, the court concludes that issuing yet another court order that Mr. Warne is likely to disobey would only further frustrate the progress of this case.

Mr. Warne received ample warning that dismissal was imminent. *See Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992) ("The district judge has an obligation to warn the plaintiff that dismissal is imminent."); *Ferdik*, 963 F.2d at 1262 ("A district courts warning to a party that failure to obey the courts order will result in dismissal can satisfy the 'consideration of [less drastic sanctions] requirement.") (citation and internal quotation marks omitted). He received two warnings from two judges that his failure to comply with court orders to appear at his deposition on January 3, 2018 could result in dismissal of his case. 12/7/17 Tx. at 64:18-65:12; December 20, 2017 Order at 3:12-14.

In sum, although dismissal is a harsh sanction, the court concludes that no lesser sanction is appropriate given Mr. Warne's repeated efforts to dodge his most fundamental discovery

12

obligation by refusing to appear for his deposition.[1] The fact that Mr. Warne is self-represented does not excuse him from compliance with court orders. *See Gordon v. Cty. of Alameda*, No. CV 06–02997–SBA, 2007 WL 1750207, at *5 (N.D. Cal. June 15, 2007) ("[P]ro se plaintiffs must abide by the rules of discovery, and when they fail to do so in bad faith dismissal is warranted."); *see also Sanchez*, 298 F.R.D. at 470-73 (dismissing pro se prisoner's action for failure to respond to discovery and failure to comply with three court orders to respond to discovery); *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) (affirming dismissal of pro se plaintiff's action under Rule 37 due to the pro se plaintiff's "sustained and willful intransigence in the face of repeated and explicit warnings from the court that the refusal to comply with court orders to appear for his deposition would result in the dismissal of his action").

In his opposition, Mr. Warne argues that his case should not be dismissed because (1) he has diligently prosecuted it; (2) he is still owed discovery from the Regents and Tenner; and (3) his claims are not frivolous. None are persuasive.

First, Mr. Warne's "diligence" in prosecuting this case extends only to those issues of interest to him—the discovery to which he believes he is entitled. His efforts did not extend to fulfilling a key discovery obligation he owes to Defendants, namely, appearing for his deposition. In so doing, he effectively stalled the case in its infancy.

As to Mr. Warne's claim that the case should not be dismissed because he is still owed

---

[1] Although the court finds that Rule 37 is the appropriate framework to analyze the motion to dismiss, the court notes that dismissal would also be appropriate under Rule 41 for failure to comply generally with court orders since the Rule 41 dismissal factors are the same as the Rule 37 dismissal factors. Federal Rules of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "A Rule 41(b) dismissal must be supported by a showing of unreasonable delay." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (internal citation and quotation marks omitted). "[I]n order for a court to dismiss a case as a sanction [under Rule 41(b)], the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). Dismissal is appropriate where "at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal." *Yourish*, 191 F.3d 990 (quoting *Ferdik*, 963 F.2d at 1263). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors . . . ." *Ferdik*, 963 F.2d at 1261. Here, as discussed above, at least four of the five factors weigh in favor of dismissal.

13

discovery by Tenner and the Regents, Judge Corley addressed all of Mr. Warne's complaints about the purported lack of defense discovery at the December 7, 2017 Case Management Conference. 12/7/17 Tx. at 27:24-64:11. To the extent there was the possibility of any remaining discovery dispute, Judge Corley gave Mr. Warne an opportunity to file an additional 10 page letter brief following the December 7, 2017 hearing. December 7, 2017 Order at 9:7-12. He chose not to file such a brief and, as such, cannot now complain about allegedly unaddressed discovery issues. Moreover, Mr. Warne does not explain why he needs the defense discovery in order to sit for his own deposition.

Finally, Mr. Warne claims that his case is not frivolous. However, his refusal to sit for his deposition effectively thwarted the ability to assess whether his case has any merit.

In sum, the court finds that Warne's noncompliance with the three court orders requiring him to appear at his deposition was willful, and that dismissal is warranted under these circumstances pursuant to Rule 37.

### B. Motion to Compel

The Regents and Tenner alternatively move to compel Mr. Warne to attend a deposition at a date and time of the court's choosing. This request is denied as moot.

### C. Sanctions - Attorneys' Fees and Costs

Rule 37 authorizes the imposition of sanctions including attorneys' fees and costs caused by a party's failure to comply with the order or rule. Fed. R. Civ. P. 37(b)(2)(C).

Defendants collectively request an award of monetary sanctions in the amount of $7,289.40 for reasonable attorneys' fees and costs incurred as a result of Mr. Warne's failure to appear at his deposition. This amount includes appearance fees and costs for Mr. Warne's non-appearance, along with the fees and costs incurred in filing this motion. Mr. Warne argues that the court should not award monetary sanctions because Defendants failed to mitigate their deposition-related costs. According to Mr. Warne, he repeatedly warned Defendants that he was not going to appear at his deposition on January 3, 2018 and advised them to mitigate their costs, such as by cancelling the court reporter. Declaration of Non-Appearance, ¶¶ 1, 7; [Docket No. 310 at 1:26-2:7; 3:3-5].

14

1  Having carefully considered the record, and in light of the dismissal of Mr. Warne's action for failure to comply with the court's discovery orders, the court denies Defendants' request for monetary sanctions. Further sanctions beyond dismissal of the case are not warranted here.

### D. Miscellaneous Pending Motions and Requests

Pending before the court are Third Party Medical Board of California's Motion to Quash Subpoena [Docket No. 309], Mr. Warne's letters requesting permission to file various motions and to augment the record for appellate purposes [Docket Nos. 327, 328, 329, 337, 348, 366, 367], and Mr. Warne's administrative motion requesting relief from paragraph 5 of this court's Standing Order which requires all parties to submit chambers copies, and his request for an order that he may appear telephonically at all future appearances. [Docket No. 302]. Because the court dismisses this action, it denies these motions and letters as moot. To the extent that Mr. Warne wishes to augment the record for appellate purposes, he can file the appropriate motion with the Ninth Circuit in accordance with the Ninth Circuit's Local Rules after filing his appeal.

## IV. CONCLUSION

In conclusion, the court grants the Regents and Tenner's motion and dismisses this action for failure to comply with three court orders to appear at his deposition. The Regents and Tenner's request to compel Mr. Warne's deposition is denied as moot. Defendants' request for monetary sanctions is also denied.

**IT IS SO ORDERED.**

Dated: May 15, 2018

_____
Donna M. Ryu
United States Magistrate Judge

